IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSEPH JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16 CV 835 SMY/RJD |
| | ) | |
| C/O ESTES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Joseph Jones' Motion for Leave to File an Amended Complaint. (Doc. 29.) Plaintiff is an inmate with the Illinois Department of Corrections. He seeks to amend his Complaint in order to substitute Stacie Murray for "Stacy" as a defendant, to add Molly McElvain as a defendant, and to add fact allegations and claims. Plaintiff's motion is unopposed and complies with the local rules for amended complaints. Accordingly, the motion is granted.

Complaints filed by prisoners seeking redress against governmental entities and their employees are subject to screening under 28 U.S.C. § 1915A. Therefore, Plaintiff's First Amended Complaint will now be screened.

**I. BACKGROUND**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights. (Doc. 1.) The Court screened Plaintiff's initial Complaint, characterizing Plaintiff's claims as follows:

> **Count 1:** An Eighth Amendment failure to protect claim against Defendants Stacy, Hill, Estes, and Wolfe failing to protect Plaintiff from his cellmate, Courtney Tolbert.

> **Count 2:** An Eighth Amendment claim of deliberate indifference to serious medical needs claim against Defendants Estes and Wolfe for not allowing his to go to the health care unit after the assault by his cellmate, Courtney Tolbert.

(Doc. 10.)  Plaintiff has now submitted a proposed Amended Complaint.  (Doc. 29.)  The Court characterizes the claims set forth in the Amended Complaint as follows:

> **Count 1:** An Eighth Amendment failure to protect claim against Defendants Estes, Wolfe, Hill, Murray, and McElvain for failing to protect Plaintiff from his cellmate, Courtney Tolbert.
>
> **Count 2:** An Eighth Amendment claim of deliberate indifference to serious medical needs claim against Defendants Estes and Wolfe for not allowing Plaintiff to go to the health care unit after the assault by his cellmate, Courtney Tolbert.[1]
>
> **Count 3:** A state law claim of intentional infliction of emotional distress against Defendants Estes, Wolfe, Hill, Murray, and McElvain for failing to protect Plaintiff from his cellmate, Courtney Tolbert, and not allowing him to go to the health care unit after the assault by his cellmate.[2]
>
> **Count 4:** A Fourteenth Amendment claim of denial of procedural due process claim against Defendants Estes and Wolfe for Plaintiff's disciplinary proceedings and placement in segregation following the assault by his cellmate, Courtney Tolbert.[3]
>
> **Count 5:** An Eighth Amendment claim of deliberate indifference to serious medical needs claim against Defendants Hill, Murray, and McElvain for failing to report the risk of physical harm by Plaintiff's cellmate, Courtney Tolbert.
>
> **Count 6:** A Fourteenth Amendment denial of substantive due process claim against Defendants Hill, Estes, Wolfe, Hill, Murray, and McElvain for failing to protect Plaintiff from his cellmate, Courtney Tolbert.

---

[1] Count 2 contains allegations to support two separate claims of deliberate indifference.  The Court separates the claims and designates one of the claims as Count 5.

[2] The Amended Complaint does not specify whether Plaintiff intends to state a claim for intentional infliction of emotional distress or negligent infliction of emotional distress.  Because the allegations for Count 3 more closely resemble a claim of intentional infliction of emotional distress, the Court will construe Count 3 as such a a claim.

[3] The Amended Complaint does not specify whether Plaintiff intends to state a claim for substantive or procedural due process.  Count 4 also includes allegations to support two separate claims.  The Court will therefore construe Count 4 as a procedural due process claim and Count 6 as a substantive due process claim.

## II.  DISCUSSION

In Count 3, Plaintiff asserts a claim of intentional infliction of emotional distress against Defendants Estes, Wolfe, Hill, Murray and McElvain, for failing to protect Plaintiff from his cellmate, Courtney Tolbert, and not allowing him to go to the health care unit after having been assaulted by Tolbert.  To state a claim for intentional infliction of emotional distress under Illinois law, Plaintiff must allege that: (1) Defendants engaged in conduct that was truly extreme or outrageous; (2) Defendants intended to inflict severe emotional distress or knew that there was a high probability that their conduct would result in severe emotional distress; and (3) Plaintiff suffered severe emotional distress.  *Feltmeier v. Feltmeier*, 777 N.E.2d 1032, 1036 (2002).  The claim does not reach "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." McGrath v. Fahey, 533 N.E.2d 806, 809  (Ill. 1988)  (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).  Rather, a defendant's conduct must be such that the "'recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him  to exclaim:  Outrageous!'"  Doe v. Calumet City, 641 N.E.2d  498,  507  (Ill. 1994)  (quoting  Restatement  (Second)  of Torts § 46 cmt. d  (1965) (internal  quotations omitted)).  In Mcgrath, the Illinois Supreme Court cited non-exclusive factors  which  should inform the court's determination as to whether this standard has or can be met. See McGrath, 533 N.E.2d at 809-10.   One such factor is the degree of power or authority that the actor has over the plaintiff.  Id.

Here, Plaintiff alleges that Estes, Wolfe, Hill, Murray and McElvain took no action to protect him from Tolbert after Plaintiff specifically informed them Tolbert's threats of violence toward him.  Plaintiff further alleges that Estes and Wolfe refused to allow Plaintiff to obtain

3

medical care after he was assaulted by Tolbert and sustained serious injuries to his head and face. Given the degree of Defendants' power over Plaintiff and his necessary reliance on them for protection against such assaults, Plaintiff's allegations are sufficient to state a claim for intentional infliction of emotional distress at the screening stage.

In Count 4, Plaintiff attempts to assert a Fourteenth Amendment denial of procedural due process claim against Defendants Estes and Wolfe resulting from Plaintiff's disciplinary proceedings and placement in segregation following the assault by his cellmate. "A procedural due process claim requires a two-fold analysis. First, [the Court] must determine whether the plaintiff was deprived of a protected interest; second, [the Court] must determine what process is due." *Leavell v. Illinois Dep't of Nat. Res.*, 600 F.3d 798, 804 (7th Cir. 2010). "To show a failure of due process, a plaintiff might show that state procedures as written do not supply basic due process or that state officials acted in a random and unauthorized fashion in depriving the plaintiff of his protected interest." *Strasburger v. Bd. of Educ., Hardin Cty. Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 358 (7th Cir. 1998). "Due process does not guarantee correct outcomes in every case." *Del's Big Saver Foods, Inc. v. Carpenter Cook, Inc.*, 795 F.2d 1344, 1350 (7th Cir. 1986). Rather, "[d]ue process just requires procedures that will usually lead to correct outcomes." *Id.*

Based on Plaintiff's exhibits, which include the disciplinary report and related grievance documents, it appears that he was placed in segregation pursuant to a disciplinary hearing in accordance with state procedures. Plaintiff suggests an erroneous outcome, but fails to describe any procedural deficiency. As such, Plaintiff fails to state a claim for procedural due process, and Count 4 will be dismissed.

In Count 5, Plaintiff asserts an Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants Hill, Murray and McElvain, for failing to report the risk of physical harm posed by Plaintiff's cellmate, Courtney Tolbert. In Count 6, Plaintiff attempts to state a Fourteenth Amendment claim for the denial of substantive due process against Defendants Hill, Estes, Wolfe, Hill, Murray and McElvain, for failing to protect Plaintiff from Tolbert. Although Counts 5 and 6 adequately state constitutional claims, they overlap entirely with Count 1. Regardless of the type of harm alleged, "[a] prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Although the distinction is, for most purposes, academic, the Fourteenth Amendment, rather than the Eighth Amendment, prohibits state officials from inflicting cruel and unusual punishment. *Robinson v. California*, 370 U.S. 660, 666 (1962). Accordingly, Counts 5 and 6 will be dismissed.

Finally, Plaintiff alleges each claim against Defendants in both their official and individual capacities and seeks monetary relief. However, "[d]efendants are immune from suit under § 1983 for monetary damages in their official capacities." *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011. Therefore, Plaintiff's claims against Defendants in their official capacities shall be dismissed.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Amend the Complaint (Doc. 29) is GRANTED. The Clerk of Court is DIRECTED to file Plaintiff's First Amended Complaint. Counts 1-3 survive threshold review against Defendants Steven Estes, John Wolfe, Wanda Hill, Stacie Murray, and Molly McElvain in their individual capacities.

The Clerk of Court is further DIRECTED to prepare for Defendant McElvain (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk shall mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendants Steven Estes, John Wolfe, Wanda Hill, Stacie Murray are ORDERED to file an answer or responsive pleading within 21 days of the entry of this Order.

It is further ORDERED that Plaintiff's Motion for Status (Doc. 30) is DENIED as MOOT.

**IT IS SO ORDERED.**

**DATED:  March 13, 2017**

>
> **s/ Staci M. Yandle**
> **STACI M. YANDLE**
> **United States District Judge**