IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-835-SMY-RJD |
| | ) |
| STEVEN ESTES, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Reona J. Daly (Doc. 61), recommending that the Court grant Defendants Wanda Hill, Molly McElvain, and Stacie Murray's Motion for Summary Judgment on the Issue of Exhaustion (Doc. 48). [1] Plaintiff filed a timely objection (Doc. 62). For the following reasons, the Court **ADOPTS** the Report and Recommendation in its entirety.

Plaintiff Joseph Jones, currently incarcerated at Hill Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that Defendants Hill, Murray and McElvain violated his constitutional rights by failing to protect him from his cellmate while Plaintiff was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). Additionally, Plaintiff claims that the Defendants are liable for intentional infliction of emotional distress. Defendants

---

[1] Judge Daly also recommended that this Court deny Defendants Steven Estes and John Wolfe's Motion for Summary Judgment on the Issue of Exhaustion (Doc. 51). Neither party objected to Judge Daly's recommendation regarding the denial of Defendants Estes and Wolfe's motion. Where no timely objections to the Report and Recommendation are made, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court fully agrees with Judge Daly's findings that Plaintiff exhausted administrative remedies as to those Defendants. Accordingly, Defendant's Estes and Wolfe's motion is denied.

Hill, McElvain, and Murray worked as medical personnel at Pinckneyville.

Defendants moved for summary judgment, asserting that Plaintiff failed to exhaust his administrative remedies prior to filing suit. As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Judge Daly held an evidentiary hearing on Defendants' motion. Following the *Pavey* hearing, Judge Daly issued the R&R currently before the Court. The R&R accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process. Judge Daly found that Plaintiff failed to exhaust his administrative remedies as to Defendants Hill, McElvain, and Murray. She noted that Plaintiff's February 8, 2016, grievance does not identify Defendants Murray, Hill, or McElvain, and although it refers to a wing officer and sergeant, it does not allude to any medical personnel.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Id.* In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st Ed. 1973) (1992 Pocket Part).

For his objection, Plaintiff maintains that Defendants Murray, Hill, and McElvain were put on notice because he stated in his grievance that he went on suicide watch. Plaintiff further contends that during the evidentiary hearing, he testified to informing each Defendant between February 5, 2016 and February 7, 2016 that there were threats on his life. He also asserts that if

the Defendants had followed prison policies and procedures, he would not have needed to file a grievance in the first place.

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). The Supreme Court has held that exhaustion of administrative remedies must be done "properly," because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90–91 (2006). Proper exhaustion requires that a prisoner must file complaints and appeals in the place, at the time, and in the manner that the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002).

In this case, proper exhaustion required Plaintiff to file a grievance containing factual details regarding each aspect of his complaint, including what happened, when, where, and the name (or a description) of each person who was the subject of or who was otherwise involved in the complaint. *See* 20 Ill. Admin. Code § 504.810(c). Plaintiff's grievance is devoid of any allegations concerning Defendants Murray, Hill, or McElvain. In the grievance, Plaintiff claims that on February 5, 2016, he was placed on suicide watch because he was having suicidal thoughts and that he was taken off suicide watch on February 7, 2016. At that time, he informed the "sergeant" that he feared for his life because his cellmate, who is known for assaulting other inmates, threatened to "kill the wing officer of C." Plaintiff does not deny that his grievance lacks specific allegations or complaints against Defendants Murray, Hill, or McElvain. The fact that Plaintiff talked to the Defendants sometime following the filing of his grievance is irrelevant.

Overall, the Court finds Judge Daly's factual findings and rationale to be sound. It is well established that an inmate cannot file suit first, then reach administrative exhaustion second.

*See Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005).  Here, it is apparent to the Court that Plaintiff did not fully exhaust his administrative remedies as to Defendants Murray, Hill, and McElvain prior to filing suit.

Accordingly, the Court adopts Magistrate Judge Daly's Report and Recommendation (Doc. 61).  This case is **DISMISSED** without prejudice for failure to exhaust administrative remedies as to Defendants Wanda Hill, Molly McElvain, and Stacie Murray.

**IT IS SO ORDERED.**

**DATED:  January 29, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**